MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    v.<br><br>LARISSA JORDAN,<br><br>       Defendant. | No. MJ25-271<br><br>MOTION FOR REVIEW AND REVOCATION OF MAGISTRATE JUDGE'S DETENTION ORDER<br><br>Note on Motion Calendar:<br>June 2, 2025 |

13        Larissa Jordan moves this Court to review the detention order issued by

14    Magistrate Peterson on May 14, 2025. Dkts. 10, 12. Pretrial Services had recommended

15    that Ms. Jordan be released with extensive conditions.[1] Ms. Jordan asks the Court to

16    release her pending trial with a set of conditions this Court finds acceptable. *See* 18

17    U.S.C. § 3145(b); Local Rule W.D. Wash. MJR 11. This Court's review is de novo.

18    **I.        PROCEDURAL HISTORY**

19        On May 5, 2025, Ms. Jordan was charged with one count of production of child

20    pornography in violation of 18 U.S.C. § 2251(a) and (e). She was initially arrested on

21    April 16, 2025, and held on charges in Snohomish County. She was brought to federal

22    custody on May 8, 2025, when she had her initial appearance. Dkt. 7.

23

24    _____

25    [1] There were two reports issued by United States Probation and Pretrial Services
      (Pretrial Services): the first at the initial appearance before an interview and
26    investigation, and a second at the detention hearing. The reports are not attached to this
      motion and should be available to the Court.

MOTION FOR REVIEW AND REVOCATION OF
MAGISTRATE JUDGE'S DETENTION ORDER
(*United States v. Jordan*, MJ25-271) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

At the May 12, 2025, detention hearing, Ms. Jordan proposed she be released with conditions that included GPS and computer monitoring and that she reside with her fiancé who lives in Everett. The United States Probation and Pretrial Services Department interviewed Ms. Jordan and her fiancé, and recommended *release* with conditions. Suppl. Pretrial Services Report. The Government requested detention, arguing that Ms. Jordan presented a flight risk and a danger to the community. Dkt. 9. Based primarily on the nature of the offense, Magistrate Judge Peterson found no conditions could adequately protect the community. Dkt. 12.

## II.    THE INVESTIGATION

The Government alleges Ms. Jordan took a video of her daughter while "potty training" the child and a nude photo of her daughter, and subsequently shared the photo with an individual on social media. Dkt. 1. There was also evidence she distributed another CSAM photo that had been shared with her on the same application. *Id.*

## III.    CONDITIONS OF RELEASE CAN REASONABLY PROTECT THE COMMUNITY AND ASSURE MS. JORDAN'S FUTURE APPEARANCES FOR COURT.

### A.    Standard of Review

This Court's review is de novo. *See* 18 U.S.C. § 3145(b); *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). This Court must review the evidence before the magistrate judge and any additional evidence proffered by the parties "and make its own independent determination whether the magistrate's findings are correct with no deference." *Koenig*, 912 F.2d at 1193.

"Under the Bail Reform Act of 1984, as amended, Congress has determined that any person charged with an offense under the federal criminal laws shall be released pending trial, subject to appropriate conditions." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). "Only in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant."

MOTION FOR REVIEW AND REVOCATION OF
MAGISTRATE JUDGE'S DETENTION ORDER
(*United States v. Jordan*, MJ25-271) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1     *Id*. (*citing United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)); *see also*

2     *United States v. Salerno*, 481 U.S. 739, 755 (1987) (suggesting that "detention prior to

3     trial or without trial is the carefully limited exception" to liberty before trial). One

4     charged with a crime is presumed innocent. *Stack v. Boyle*, 342 U.S. 1, 4 (1951).

5         Under the Bail Reform Act, the Government must show that a defendant poses a

6     danger to the community by clear and convincing evidence, and it must show that a

7     defendant poses a flight risk by a preponderance of the evidence. *United States v.*

8     *Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); 18 U.S.C. § 3142(f).

9         Because Ms. Jordan is charged with a child pornography offense, there is a

10    rebuttable presumption that no combination of conditions will reasonably assure her

11    appearance or the safety of the community. 18 U.S.C. §§ 3142(e)(2), (f)(1)(C). This

12    presumption is overcome when a defendant "com[es] forward with evidence that he

13    does not pose a danger to the community or a risk of flight." *United States v. Stone*, 608

14    F.3d 939, 945 (6th Cir. 2010). This "burden of production is not a heavy one to meet."

15    *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). The presumption of

16    detention is rebutted by "[a]ny evidence favorable to a defendant that comes within a

17    category listed in § 3142(g) . . . including evidence of their marital, family and

18    employment status, ties to and role in the community . . . and other types of evidence

19    encompassed in § 3142(g)(3)." *Id.*; *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir.

20    1985). Any "evidence of economic and social stability" can rebut the presumption.

21    *Dominguez*, 783 F.2d at 707. As long as a defendant "come[s] forward with some

22    evidence" under § 3142(g), the presumption of flight risk and dangerousness is

23    definitively rebutted. *Id.*

24        The Government bears the burden of persuasion at all times. *Id*. After the

25    presumption is rebutted, the Court must weigh the presumption against the other

26    evidence about the defendant's history and characteristics that tilts the scale for release.

MOTION FOR REVIEW AND REVOCATION OF
MAGISTRATE JUDGE'S DETENTION ORDER
(*United States v. Jordan*, MJ25-271) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1   *See Jessup*, 757 F.2d at 384 (holding that the judge should consider the rebutted

2   presumption along with the § 3142(g) factors). The Court should not give the

3   presumption undue weight if evidence relating to other § 3142(g) factors supports

4   release.

5           Magistrate Judge Peterson found that Ms. Jordan clearly met her slight burden of

6   production by demonstrating her strong ties to the community, social support, and lack

7   of criminal history. Ex. 1 (Transcript) at 12; Dkt. 12 at 2. At the initial detention

8   hearing, Pretrial Services recommended that Ms. Jordan be released with conditions.

9   Ms. Jordan presented a strong release plan to live with her fiancé who offered to be a

10  third-party custodian. Her fiancé has no criminal history. Suppl. Pretrial Services

11  Report. Ms. Jordan, age 32, has no prior criminal history. Pretrial Services Report.

12      **B.**    **Ms. Jordan is not a flight risk.**

13          The Government's burden is not just to show that Ms. Jordan is a flight risk; it is

14  to show that no set of conditions can reasonably assure her appearance. *See* 18 U.S.C.

15  § 3142(e)(1). Magistrate Judge Peterson did not base the detention order on Ms. Jordan

16  being a flight risk. The conditions proposed by Pretrial Services would be more than

17  sufficient to adequately assure her future appearance. The conditions include GPS

18  monitoring, drug testing, computer monitoring, and no contact with minors, among

19  others. In addition, her fiancé mother is willing to serve as a third-party custodian.

20  Suppl. Pretrial Services Report. Ms. Jordan has lived in this district since she was 18

21  years old. *Id*. She has a confirmed employment history and no international travel. *Id*.

22  She has neither the means nor ability to flee prosecution. The proposed conditions

23  would more than reasonably assure her future appearance.

24  //

25  //

26  //

MOTION FOR REVIEW AND REVOCATION OF
MAGISTRATE JUDGE'S DETENTION ORDER
(*United States v. Jordan*, MJ25-271) - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**C.     Conditions would ameliorate any alleged risk to the community.**

The Government must prove no conditions could reasonably assure the community's safety; danger to the community must be proven by clear and convincing evidence.

Ms. Jordan has no criminal history. While the offense conduct as alleged in the complaint is concerning, it appears to have taken place over a relatively short period of time. The images were taken in early April 2025 and the evidence regarding distribution of CSAM also took place in April 2025. Dkt. 1. She was also cooperative when she was arrested, giving a statement that was inculpatory. *Id*. Despite the seriousness of the offense, conditions could reasonably protect the community. The defense had no objection to a condition prohibiting contact with minors, including Ms. Jordan's daughter. These conditions, combined with location and computer monitoring would provide reasonable assurances the community would be protected.

The Government argued that it was investigating the individuals with whom Ms. Jordan was communicating on social media, and it expressed concern that Ms. Jordan could interfere with the investigation. Ex. 1 at 6–7. However, the Government proffered no specific reason to believe Ms. Jordan would do so. Instead, the Government expressed a generalized concern that is inconsistent with Ms. Jordan's history and cooperation with law enforcement upon her arrest. Furthermore, she was arrested on April 16, 2025, more than one month ago. It is likely the Government has already identified and investigated the other parties. While the alleged offense is serious, conditions such as computer conditions, location monitoring, and travel restrictions would reasonably assure the community's safety.

## IV.     CONCLUSION

This Court should revoke the magistrate judge's detention order and release Ms. Jordan with conditions recommended by Pretrial Services. While the offense

MOTION FOR REVIEW AND REVOCATION OF
MAGISTRATE JUDGE'S DETENTION ORDER
(*United States v. Jordan*, MJ25-271) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

conduct is serious, the evidence suggests that this was not a long-term course of conduct. Ms. Jordan is 32 years old with no prior criminal history, strong connections to this district, and a close support network.

DATED this 20th day of May 2025.

Respectfully submitted,

s/ *Dennis Carroll*
Assistant Federal Public Defender
Attorney for Larissa Jordan

I certify this motion contains 1,403 words in compliance with the Local Criminal Rules.

MOTION FOR REVIEW AND REVOCATION OF
MAGISTRATE JUDGE'S DETENTION ORDER
(*United States v. Jordan*, MJ25-271) - 6

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**