Judge Lauren King

\_\_\_\_ FILED  \_\_\_\_ ENTERED
\_\_\_\_ LODGED  \_\_\_\_ RECEIVED

JAN 14 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> LARISSA JORDAN, <br> Defendant. | NO. CR25-105 LK <br><br> **PLEA AGREEMENT** |

The United States, through United States Attorney Charles Neil Floyd and Assistant United States Attorney Cecelia Gregson of the Western District of Washington and Larissa Jordan and Jordan's attorney Dennis Carroll enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in a Superseding Information.

2. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the

Plea Agreement - 1
United States v. Jordan, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

following charge contained in the Superseding Information.

a. Attempted Enticement of a Minor, as charged in Count 1, in violation of Title 18, United States Code, Section 2422(b).

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense.** The elements of the offense to which Defendant is pleading guilty, Attempted Enticement of a Minor, as charged in Count 1, are as follows:

a. First, the defendant used a means or facility of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce, or attempt to do so, an individual under the age of eighteen to engage in sexual activity;

b. Second, the defendant believed that such individual was under the age of eighteen; and

c. Third, a person could have been charged with a criminal offense for engaging in the specified sexual activity, to wit: the production of a visual depiction that involves the use of a minor engaging in sexually explicit conduct.

4. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty, Attempted Enticement of a Minor, as charged in Count 1, are as follows:

a. A mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of life, a fine of up to $250,000, a period of supervision following release from prison of between five years and life, and a mandatory special assessment of $100. Defendant also understands that unless the sentencing Court finds Defendant to be indigent, an additional mandatory special assessment of $5,000 will be imposed.

Plea Agreement - 2
United States v. Jordan, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant understands that supervised release is a period of time following
2  imprisonment during which Defendant will be subject to certain restrictive conditions and
3  requirements. Defendant further understands that, if supervised release is imposed and
4  Defendant violates one or more of the conditions or requirements, Defendant could be
5  returned to prison for all or part of the term of supervised release that was originally
6  imposed. This could result in Defendant serving a total term of imprisonment greater than
7  the statutory maximum stated above.

8  Defendant understands that as a part of any sentence, in addition to any term of
9  imprisonment and/or fine that is imposed, the Court may order Defendant to pay
10 restitution to any victim of the offense, as required by law.

11 Defendant further understands that the consequences of pleading guilty may
12 include the forfeiture of certain property, either as a part of the sentence imposed by the
13 Court, or as a result of civil judicial or administrative process.

14 Defendant agrees that any monetary penalty the Court imposes, including the
15 special assessment, fine, costs, or restitution, is due and payable immediately and further
16 agrees to submit a completed Financial Disclosure Statement as requested by the United
17 States Attorney's Office.

18 Defendant understands that, if pleading guilty to a felony drug offense, Defendant
19 will become ineligible for certain food stamp and Social Security benefits as directed by
20 Title 21, United States Code, Section 862a.

21  5.  **Immigration Consequences.** Defendant recognizes that pleading guilty
22 may have consequences with respect to Defendant's immigration status if Defendant is
23 not a citizen of the United States, or may have consequences with respect to citizenship
24 status if Defendant is a naturalized citizen of the United States. Under federal law, a
25 broad range of crimes are grounds for removal, and some offenses make removal from
26 the United States presumptively mandatory. In some instances, a criminal conviction may
27 be grounds for revocation of naturalized citizenship status. Removal, de-naturalization,

Plea Agreement - 3
United States v. Jordan, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration or naturalized citizenship status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's removal from the United States or loss of naturalized citizenship.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code,

Plea Agreement - 4
United States v. Jordan, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9.    **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense. The parties agree on the following facts:

Plea Agreement - 5
*United States v. Jordan*, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. The Electronic Service Provider Kik issued a CyberTip to the National Center for Missing and Exploited Children (NCMEC) on April 5, 2025, which documented that Larissa Jordan uploaded files, one of which contained depictions of minors engaging in sexually explicit conduct, to her account on April 2, 2025, and again on April 4, 2025, from her Snohomish County residence utilizing the internet, wireless networks, and an iPhone 15 MAX. Jordan agrees the uploaded image file meets the federal definition of child pornography as that term is defined in 18 U.S.C. Section 2256(8). The file is described as follows:

   i. Filename 6ecc6a9a-bcdc-41e7-bfe1-266ef5991260.jpg: This image depicts an identified Minor Victim 1, a four-year-old female. Minor Victim 1 is depicted nude, laying on her back on top of a brown, white, and black animal print fleece blanket. Her legs are spread to display her vulva and anus, which are the subject of the picture and are the portion most in focus.

b. NCMEC provided additional data that assisted the Lake Stevens Police Department in identifying Jordan, whom they contacted on April 16, 2025, in Snohomish County. Following advisement and wavier of her constitutional rights, Jordan confirmed she was the subscriber and user of the Kik account responsible for the upload of child pornography and admitted sending two images of Minor Victim 1's vagina to another individual. Jordan also admitted using Minor Victim 1 to engage in sexually explicit conduct and to having produced the sexual abuse material shared via the Kik platform. A search of Jordan's seized iPhone 15 MAX phone contained the image of Minor Victim 1 described above, with a created date of April 3, 2025, and documented that this image was "favorited."

c. Jordan's iPhone 15 contained a Kik conversation between Jordan and another user that included an image Jordan sent on April 13, 2025, that depicted a nude young male child between the approximate ages of 7 and 9 performing oral sex on a nude adult female. Jordan wrote that she received that image from a person she was communicating with on Kik and other platforms who was purporting to be a father. Jordan's Kik communications discussed a family that was actively abusing their four

Plea Agreement - 6
United States v. Jordan, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

children and included a picture of the purported parents and several images Jordan claimed to be of the father abusing his minor daughter. Jordan also sent a screenshot of a portion of conversation with the father of the four children which read, "homeschooling helps. they know that if they said anything it would all stop. tell us more about ur daughter and what u hope to do together some day. if u do I'll show u some bad stuff too [sic]".

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Agreed Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of 120 months. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea

Plea Agreement - 7
United States v. Jordan, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offenses of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that Defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

b. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea

Plea Agreement - 8
United States v. Jordan, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

      c.      The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

      13.    **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case.

Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any property, real or personal, that was used or intended to be used to commit or to facilitate Defendant's commission *Attempted Enticement of a Minor*, as charged in Count 1 of the Superseding Information, as well as any property, real or personal, constituting or derived from any proceeds Defendant obtained, directly or

Plea Agreement - 9
*United States v. Jordan*, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

indirectly, as a result of such offenses. All such property is forfeitable pursuant to Title 18, United States Code, Section 2248(a), and includes, but is not limited to:

    a.    iPhone 15Pro Max, S/N JL7RW627NX, IMEI 351016868554123.

Defendant agrees to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees she will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if Defendant used, or intended to use, that property to commit or to facilitate her commission of the identified offenses.

    14.    **Abandonment of Contraband, Electronic Devices, and Non-contraband Data Files.** Defendant also agrees that, if any law enforcement agency seized any illegal contraband or electronic devices that were in Defendant's direct or indirect control, Defendant consents to the administrative disposition, official use, and/or destruction of such contraband or devices, as well as any contraband and non-contraband electronic data files on such devices. Such property includes, without limitation, all electronic data files contained on the following electronic device seized from Defendant's person and residence on or about April 16, 2025:

    a.    iPhone 15Pro Max, S/N JL7RW627NX, IMEI 351016868554123.

Plea Agreement - 10
*United States v. Jordan*, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15. **Registration as a Sex Offender.** Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16911 et seq., Defendant is entering a plea of guilty to sex offenses and is a sex offender as those terms are defined in the Act. Defendant further agrees that pursuant to the Act, Defendant is required to register as a sex offender, and keep the registration current, in each jurisdiction where Defendant resides, is an employee, and/or is a student. Defendant further agrees that for initial registration purposes only, Defendant is also required to register in the jurisdiction in which Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

16. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

17. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this

Plea Agreement - 11
*United States v. Jordan*, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

18. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the

Plea Agreement - 12
*United States v. Jordan*, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

20. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the

Plea Agreement - 13
United States v. Jordan, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

21. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 14th day of January, 2026.

_____
LARISSA JORDAN
Defendant

_____
DENNIS CARROLL
Attorney for Defendant

_____
MARCI L. ELLSWORTH
Assistant United States Attorney

_____
CECELIA GREGSON
Assistant United States Attorney

Plea Agreement - 14
United States v. Jordan, CR25-105 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970