UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-cr-00105-LK |
| Plaintiff, | PRELIMINARY ORDER OF FORFEITURE |
| v. | |
| LARISSA JORDAN, | |
| Defendant. | |

This matter comes before the Court on the Government's Motion for a Preliminary Order of Forfeiture, Dkt. No. 40, seeking to forfeit, to the United States, Defendant Larissa Jordan's interest in the following property seized on or about April 16, 2025 ("Subject Property"): one iPhone 15Pro Max, bearing serial number JL7RW627NX, IMEI 351016868554123.

Ms. Jordan did not file any response to the motion. The Court, having reviewed the Government's motion, as well as the other papers and pleadings filed in this matter, hereby FINDS that entry of a Preliminary Order of Forfeiture is appropriate for the following reasons:

PRELIMINARY ORDER OF FORFEITURE - 1

- On January 14, 2026, Ms. Jordan pleaded guilty to Attempted Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), as charged in Count 1 of the Superseding Information. Dkt. No. 35 at 1–2; *see also* Dkt. No. 31 at 1.

- In her Plea Agreement, Ms. Jordan agreed to forfeit, pursuant to 18 U.S.C. § 2428(a),[1] all property used to commit or facilitate her commission of the offense, including the Subject Property, Dkt. No. 35 at 9–10.

- In her Plea agreement, Ms. Jordan also agreed "to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States[.]" *Id.* at 10.

NOW, THEREFORE, THE COURT ORDERS:

1)    Pursuant to 18 U.S.C. § 2428(a) and her Plea Agreement, Dkt. No. 35, Ms. Jordan's interest in the Subject Property is fully and finally forfeited, in its entirety, to the United States;

2)    Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A)–(B), this Preliminary Order will be final as to Ms. Jordan at the time she is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3)    The Department of Justice, Federal Bureau of Investigation (FBI) and/or its authorized agents or representatives, shall maintain the Subject Property in its custody and control until further order of this Court. FBI shall destroy any prohibited images unless they have been destroyed already or will be retained for official, investigative use, as permitted by 21 U.S.C §§ 853(i) and 881(e);

---

[1] The Plea Agreement contains a scrivener's error, stating that the Subject Property is forfeitable pursuant to 18 U.S.C. § 2248(a) rather than 2428(a). Dkt. No. 35 at 10.

PRELIMINARY ORDER OF FORFEITURE - 2

4)       Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Property as permitted by governing law. The notice shall be posted on an official government website—currently www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than Ms. Jordan, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

a.       shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

b.       shall be signed by the petitioner under penalty of perjury; and

c.       shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5)       If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2);

6)       If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and

PRELIMINARY ORDER OF FORFEITURE - 3

7) The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated this 26th day of March, 2026.

Lauren King
United States District Judge

PRELIMINARY ORDER OF FORFEITURE - 4